THE STATE OF OHIO, APPELLANT, v. LOMAX, APPELLEE.

[Cite as State v. Lomax, 114 Ohio St.3d 350, 2007-Ohio-4277.]

(No. 2006–0899—Submitted March 13, 2007—Decided September 5, 2007.)

LANZINGER, J.

{¶ 1} We accepted this discretionary appeal of the state of Ohio to clarify the meaning of the "open court" requirement in R.C. 2945.05 and to determine the significance of written waivers with respect to the right to trial by jury.

### Case Procedure

{¶ 2} Defendant-appellee, Keith Lomax, was indicted for murder in the death of Robert Christian. After Lomax waived his right to a jury trial, the court proceeded with a bench trial, during which the following evidence was presented. On May 24, 2003, Lomax attended a family birthday party with his girlfriend, Brandy Tooson. Robert Christian was also present. At some time during the evening, Christian and Tooson got into a physical argument over a chair, resulting in Tooson's ending up on the floor. Accounts of how this happened vary; it is unclear whether Christian shoved Tooson or pulled the chair out from under her. Tooson's cousin, who saw the incident, got involved by punching Christian in the face. The other partygoers separated the two and encouraged Christian to leave the party. At that point, Lomax, who had been outside, learned of the altercation and confronted Christian, asking, "Did you disrespect my woman?" After a brief argument, the men separated.

{¶ 3} Lomax went outside to his truck and then approached Christian and the crowd of people that had gathered around him. Several witnesses testified that Lomax swung at Christian several times and walked away. Christian then exclaimed that he had been stabbed. Christian died later that night. Lomax

admitted stabbing Christian but claimed it was in self-defense. Both he and Tooson testified that Christian had him in a chokehold, although no other witness mentioned a chokehold. The court found Lomax guilty and sentenced him to 15 years to life in prison.

{¶ 4} On appeal, Lomax argued that his jury waiver was not properly executed and that the trial court lacked jurisdiction to conduct a bench trial because the waiver was not "made in open court." Although he had signed a written waiver, Lomax argued that the trial court did not question him and merely noted that there would be a waiver of jury trial. The court of appeals agreed with Lomax and reversed the trial court's judgment, holding that the "mere mention in passing on the record that there was a jury waiver was not sufficient to comply with the 'open court' requirement of R.C. 2945.05." 166 Ohio App.3d 555, 2006-Ohio-1373, 852 N.E.2d 205, ¶ 36.

{¶ 5} We accepted the state's discretionary appeal. In its proposition of law, the state seeks a ruling that the Constitution does not require a colloquy in open court in order for a jury waiver to be valid. Lomax responds that Crim.R. 23(A), R.C. 2945.05, and governing case law demand that for a proper waiver of the right to trial by jury, a defendant must sign a written statement, and the court must reaffirm the waiver in open court. We are asked, therefore, to determine what effect a written waiver of the right to trial by jury has upon the requirement in R.C. 2945.05 that the waiver must be made in "open court."

## Law and Analysis

{¶ 6} The Sixth Amendment to the United States Constitution, made applicable to the states through the Fourteenth Amendment, guarantees an accused the right to trial by jury. *Duncan v. Louisiana* (1968), 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491. Likewise, Section 5, Article I of the Ohio Constitution states that the "right of trial by jury shall be inviolate." However, Crim.R. 23(A)[1] allows a defendant to waive his right to a trial by jury in serious offense cases provided that the waiver is made knowingly, intelligently, and voluntarily, and in writing. The General Assembly has set forth the manner in which a defendant may waive this right. R.C. 2945.05 states:

---

1. Crim.R. 23(A) provides: "In serious offense cases the defendant before commencement of the trial may knowingly, intelligently and voluntarily waive in writing his right to trial by jury. Such waiver may also be made during trial with the approval of the court and the consent of the prosecuting attorney. In petty offense cases, where there is a right of jury trial, the defendant shall be tried by the court unless he demands a jury trial. Such demand must be in writing and filed with the clerk of court not less than ten days prior to the date set for trial, or on or before the third day following receipt of notice of the date set for trial, whichever is later. Failure to demand a jury trial as provided in this subdivision is a complete waiver of the right thereto."

{¶ 7} "In all criminal cases pending in courts of record in this state, the defendant may waive a trial by jury and be tried by the court without a jury. Such waiver by a defendant, *shall be in writing, signed by the defendant, and filed in said cause and made a part of the record thereof.* It shall be entitled in the court and cause, and in substance as follows: 'I _____, defendant in the above cause, hereby voluntarily waive and relinquish my right to a trial by jury, and elect to be tried by a Judge of the Court in which the said cause may be pending. I fully understand that under the laws of this state, I have a constitutional right to a trial by jury.'

{¶ 8} *"Such waiver of trial by jury must be made in open court after the defendant has* been arraigned and has had opportunity to consult with counsel. Such waiver may be withdrawn by the defendant at any time before the commencement of the trial."* (Emphasis added.)

{¶ 9} Therefore, to be valid, a waiver must meet five conditions. It must be (1) in writing, (2) signed by the defendant, (3) filed, (4) made part of the record, and (5) made in open court.

{¶ 10} Four of these five points are not in issue. Lomax signed a written waiver, which was filed on June 28, 2004, the first day of trial, and which was made a part of the record.[2] A written waiver is presumptively voluntary, knowing, and intelligent. *State v. Bays* (1999), 87 Ohio St.3d 15, 19, 716 N.E.2d 1126, citing *United States v. Sammons* (C.A.6, 1990), 918 F.2d 592, 597. Lomax contends that his jury waiver did not satisfy the open-court requirement of R.C. 2945.05. Although he acknowledges that a trial court is not required to inform a defendant of all possible implications of waiver, *State v. Green* (2000), 90 Ohio St.3d 352, 367, 738 N.E.2d 1208, Lomax argues that the trial court did not inform him of anything. The question, then, is whether this waiver was made in open court.

{¶ 11} In *State v. Jells* (1990), 53 Ohio St.3d 22, 559 N.E.2d 464, we considered the type of colloquy required for a valid waiver of jury trial. *Jells* involved a defendant in a death-penalty prosecution who had signed a written waiver that conformed to the requirements of R.C. 2945.05. The defendant argued that the following three-question inquiry conducted by the court was inadequate to determine the validity of the waiver:

{¶ 12} " 'THE COURT: Reginald, is that your signature?

{¶ 13} " 'THE DEFENDANT: Yes, it is, sir.

---

2. The written waiver states, "I, Keith Lomax, Defendant in the above Cause, hereby knowingly, intelligently and voluntarily waive and relinquish my right to a trial by Jury, and elect to be tried by a Judge of the Court in which the said Cause be pending. I fully understand that under the laws of this State, I have a constitutional right to a trial by jury."

{¶ 14} " 'THE COURT: You did this of your own free will?

{¶ 15} " 'THE DEFENDANT: Yes, I did.

{¶ 16} " 'THE COURT: Nobody forced you to do this?

{¶ 17} " 'THE DEFENDANT: No, sir.

{¶ 18} " 'THE COURT: All right.

{¶ 19} " 'MR. HUBBARD [defense counsel]: I have witnessed his signature, your Honor.

{¶ 20} " 'THE COURT: This will be made part of the record.' " Id. at 25, 559 N.E.2d 464.

{¶ 21} In upholding the defendant's waiver, we held: "There is no requirement in Ohio for the trial court to interrogate a defendant in order to determine whether he or she is fully apprised of the right to a jury trial. The Criminal Rules and the Revised Code are satisfied by a written waiver, signed by the defendant, filed with the court, and made in open court, after arraignment and opportunity to consult with counsel. See *State v. Morris* (1982), 8 Ohio App.3d 12, 14, 8 OBR 13, 15–16, 455 N.E.2d 1352, 1355. While it may be better practice for the trial judge to enumerate all the possible implications of a waiver of a jury, there is no error in failing to do so." Id. at 25–26, 8 OBR 13, 559 N.E.2d 464. Therefore, the judge in *Jells* satisfied the "open court" requirement by asking the defendant several questions on the record.

{¶ 22} We considered a similar question in *Bays,* 87 Ohio St.3d 15, 716 N.E.2d 1126. The defendant in *Bays* had also signed a written waiver pursuant to R.C. 2945.05. After the defendant's counsel submitted the waiver, the trial judge engaged in the following exchange with the defendant:

{¶ 23} " 'JUDGE GRIGSBY: Now, Mr. Bays, I want to explain to you, you have a right to a Jury Trial of 12 people. That is your Constitutional right. If you sign this waiver of Jury Trial and begin the trial, there is no changing. You understand after a trial is begun, then you cannot go back and ask for a Jury?

{¶ 24} " 'THE DEFENDANT: Yes.

{¶ 25} " 'JUDGE GRIGSBY: Do you understand that?

{¶ 26} " 'THE DEFENDANT: Yes.

{¶ 27} " 'JUDGE GRIGSBY: Now, I want to ask you, you are not under any drugs or alcohol or anything like that this morning, are you?

{¶ 28} " 'THE DEFENDANT: No.

{¶ 29} " 'JUDGE GRIGSBY: This waiver must be made knowingly, and by that, I mean, you understand what you are doing. You are giving up your right to a Jury, and in a case like this, a Jury's verdict must be unanimous. In other

words, if you convince, or your Counsel convinces one Juror not to convict you, there will at least be a mistrial and retrial.

{¶ 30} " 'Do you understand you are giving up that right of the Jury?

{¶ 31} " 'THE DEFENDANT: Yes, I understand that.

{¶ 32} " 'JUDGE GRIGSBY: And is there any—well, just tell me why you want to give up the Jury.

{¶ 33} " 'THE DEFENDANT: My Counsel feels it's best.

{¶ 34} " 'JUDGE GRIGSBY: Now, are you doing this voluntarily, of your own free will?

{¶ 35} " 'THE DEFENDANT: I don't know which way I want to go really. With the Jury, I don't figure it was a fair pick.

{¶ 36} " 'JUDGE GRIGSBY: Well, regardless of whether you waive a Jury, whether it's this panel or another panel, are you giving up that right to a Jury Trial by your own volition?

{¶ 37} " 'THE DEFENDANT: Yes.

{¶ 38} " 'JUDGE GRIGSBY: Then the rule says you must sign that in open Court. I'm going to give you an unsigned copy and I want you to read it. If you have any questions, now is the time to ask them.' " 87 Ohio St.3d at 18, 716 N.E.2d 1126.

{¶ 39} The defendant then signed another waiver, which the judge accepted.

{¶ 40} When Bays challenged the validity of his jury waiver, we stated: "[A] defendant need not have a complete or technical understanding of the jury trial right in order to knowingly and intelligently waive it." 87 Ohio St.3d at 20, 716 N.E.2d 1126. "[I]f the record shows a jury waiver, the verdict will not be set aside except on a plain showing that the waiver was not freely and intelligently made." Id. at 19, 716 N.E.2d 1126.

{¶ 41} The state points to *State v. Pless* (1996), 74 Ohio St.3d 333, 658 N.E.2d 766, as support for the argument that a colloquy is not required and that all that is required is a written waiver. However, in *Pless*, we found the jury waiver invalid because although written, the waiver was never filed or made part of the record. While there was evidence that the defendant signed a written jury waiver form in open court, in the presence of his attorneys, after engaging in a lengthy discussion with the trial judge, we held that strict compliance with the requirements of R.C. 2945.05 is necessary. Contrary to the state's argument, although we held that a written jury waiver as required by R.C. 2945.05 is necessary for a valid waiver, we did not hold that it is sufficient.

{¶ 42} Considering the aforementioned cases, we conclude that a trial court does not need to engage in an extended colloquy with the defendant in order to

comply with the statutory requirement that a jury waiver be made in open court. There must be, however, some evidence in the record of the proceedings that the defendant acknowledged the waiver to the trial court while in the presence of counsel, if any. Absent such evidence, the waiver does not comply with the requirements of R.C. 2945.05 and is therefore invalid. In both *Jells* and *Bays*, the "in open court" requirement was satisfied when the trial court inquired whether the defendant had voluntarily signed a jury trial waiver.

{¶ 43} Applying this principle to the case at bar, we conclude that the judgment of the court of appeals must be affirmed. Here, the trial transcript contains only one reference to the jury waiver:

{¶ 44} "The court: Okay. I understand we are finally ready on the Lomax case.

{¶ 45} "Since there's going to be a jury waiver, does the State care to make an opening statement at this time?

{¶ 46} "Ms. Burroughs: Briefly."

{¶ 47} Aside from this passing reference to a jury waiver, the trial court did not address Lomax and have him acknowledge in the courtroom and in the presence of counsel that he was waiving his right to a jury trial. In fact, the trial court's comment indicating that there was "going to be a waiver" implies that the waiver had not yet occurred at the commencement of the trial. Because there is no indication from the transcript, nor any other evidence in the record, that Lomax waived his right to a jury trial in open court, the requirements of R.C. 2945.05 were not met in this case and the waiver must be deemed invalid.

{¶ 48} We do not mandate magic words, or a prolonged colloquy, but simply what Ohio law intends—that a defendant while in the courtroom and in the presence of counsel, if any, acknowledge to the trial court that the defendant wishes to waive the right to a jury trial.

## Conclusion

{¶ 49} We therefore hold that a waiver of the right to a trial by jury must not only be made in writing, signed by the defendant, and filed as a part of the record, but must also be made in open court. To satisfy the "in open court" requirement in R.C. 2945.05, there must be some evidence in the record that the defendant while in the courtroom and in the presence of counsel, if any, acknowledged the jury waiver to the trial court. We therefore affirm the judgment of the Court of Appeals for Hamilton County.

Judgment affirmed.

MOYER, C.J., PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and CUPP, JJ., concur.

Joseph T. Deters, Hamilton County Prosecuting Attorney, and Philip R. Cummings, Assistant Prosecuting Attorney, for appellant.

Rubenstein & Thurman, L.P.A., and Scott A. Rubenstein, for appellee.

