The CITY OF CINCINNATI, Appellee,

v.

SMITH, a.k.a. Silva, Appellant.

[Cite as *Cincinnati v. Smith*, 180 Ohio App.3d 587, 2009-Ohio-143.]

Court of Appeals of Ohio,
First District, Hamilton County.

Nos. C–080252 and C–080253.

Decided Jan. 16, 2009.

John P. Curp, Cincinnati Solicitor, and Jennifer Bishop, Assistant City Prosecuting Attorney, for appellee.

Frank H. Prouty Jr., for appellant.

MARK P. PAINTER, Judge.

{¶ 1} Can a trial court threaten jail time on one case, but offer to suspend that time if the defendant waives a jury and pleads no contest in another case?

{¶ 2} We consider whether the trial court erred in accepting the no-contest plea of defendant-appellant Melissa Smith. Smith argues that her plea of no contest should have been refused because it was involuntarily made. Absolutely.

## I. Hobson's Choice

{¶ 3} Smith was charged with violating probation[1] and soliciting.[2] Both charges were set for trial, and at the time, Smith had not been jailed on either

---

1. R.C. 2951.08 and 2951.09.

2. R.C. 2907.24(A).

charge. The soliciting case was set for a jury trial. On that day, the following dialogue occurred:

{¶ 4} "Mr. Prouty [defense counsel]: On the other, the probation violation, I think the—it's for payment of fines and costs.

{¶ 5} "The Court: Okay. And then she's got a soliciting. That's the one for jury.

{¶ 6} "Mr. Prouty: Yes. It's going to be a jury, Your Honor.

{¶ 7} "The Court: So that's today?

{¶ 8} "Mr. Prouty: Yes.

{¶ 9} "The Court: Okay. Let me find—what did you want to do with the probation violation?

{¶ 10} "Mr. Prouty: Your Honor, plea would be no contest. She's on EMD right now and she can't work. That's the problem.

{¶ 11} "The Court: It's a little bit more than fines and costs. She failed to submit for drug test and she failed to report. Do you want to approach?"

{¶ 12} (Off-the-record discussion.)

{¶ 13} "Mr. Prouty: **Is this an or else?**

{¶ 14} "The Court: **If she wants to take responsibility for the soliciting, I probably would continue her probation with some additional conditions. But if she doesn't want to do that,** I think the way to go now, given that she's got all these other new charges that have come up—just charges, I realize; it's a long history on this theft, going back to 2006; there's a long history of failing to appear.

{¶ 15} "I think she's had prior—prior issues. This is a probation violation. I see one that's been going on since March, and she was at the Drop–Inn Center. She capiased, she capiased, and then she picked up new charges.

{¶ 16} "She's already pled to the probation violation. So, I mean, she already pled no contest. This is here for sentencing today. She, yeah, I mean, if she—if she wants to accept responsibility for this new charge, I am actually willing to continue the whole thing out for sentence on everything and wait and see what happens with the assault.

{¶ 17} "But otherwise, I think I am done with her.

{¶ 18} "Mr. Prouty: **She wants to plead not guilty** and she doesn't want to plead to anything

{¶ 19} "The Court: She already pled to the probation violation.

{¶ 20} "Mr. Prouty: Yes

{¶ 21} "The Court: All right. So let's just do sentencing on the probation violation. I will hear mitigation.

{¶ 22} "Mr. Prouty: Your Honor, with respect to my client, she has been on EMD for several months now. What we are asking for is that she is supposed to have a baby within the next 30 days; is that correct?

{¶ 23} "She has been going to school. Is there anything else you want to say, Melissa?

{¶ 24} "The Defendant: I'm due to graduate in June, and I was—and I would just like the opportunity, if you see fit, to complete my sentence on EMD, if that's okay with you.

{¶ 25} "The Court: It's not. **Commit 180 days. If you want to rethink your other trial that's coming up**; terminate probation, remit fines, commit 180 days."

{¶ 26} (Other cases heard.)

{¶ 27} "Mr. Prouty: **Your Honor, this is Melissa Smith. We are going to enter a plea of no contest or guilty to the charges as charged. We will waive the jury.** I have provided a copy." (Boldface added throughout.)

{¶ 28} So before summoning a prospective jury panel, the trial court indicated that "if [Smith] want[ed] to take responsibility for the soliciting [charge], it probably would continue her probation with some additional conditions." Smith indicated, though, that she had planned on trying the soliciting charge before a jury, but that she wanted to plead no contest to violating her probation. With the jury trial on the soliciting charge pending, the court found Smith guilty of violating her probation and proceeded to sentencing. Following mitigation, the court indicated that Smith's sentence would be 180 days' incarceration, and it added that "if [Smith] want[ed] to rethink [the soliciting charge]: terminate probation, remit fines, commit 180 days."

{¶ 29} The court then heard other cases, giving Smith time to think about her demand for a jury. Prouty aptly characterized the court's threat of 180 days as an "or else."

{¶ 30} Smith had two choices: (1) to spend 180 days in jail on the probation violation and to have a jury trial on the solicitation charge—for which she could be sentenced to a maximum of 60 days; or (2) to waive the jury trial and get zero days on the probation violation and a possible 60 days on the solicitation charge. Not much of a choice. So even if she was not guilty on the new charge, Smith could not "afford" to avail herself of the right to jury trial.

{¶ 31} After the other cases had been heard, Smith entered a no-contest plea to soliciting. The trial court then resentenced her for the probation violation.

Rather than the 180 days' incarceration, the court continued Smith's probation for six months with additional conditions.

## II. Ultimatum

{¶ 32} Rarely does a record so vividly reflect grounds for reversal. In fact, the trial court's action was so wrong that the prosecution has filed the following on appeal: "The City of Cincinnati, State of Ohio, hereby gives notice that it has reviewed the record, the transcript, and the brief of the Defendant–Appellant. The City elects not to file an appellate brief in this matter."

{¶ 33} This is a textbook example of an involuntary plea.[3] The trial court gave Smith an ultimatum: (1) try the soliciting charge to a jury and go to jail for 180 days for the probation violation or (2) plead no contest to soliciting and remain on probation. In essence, the trial court punished Smith for pleading not guilty to solicitation and for indicating her desire to try the case to a jury. When faced with 180 days in jail, Smith folded and pleaded no contest to solicitation.

## III. Unconstitutional

{¶ 34} The involuntary plea is reversible error regardless of whether it involved giving up the right to jury trial. But additionally, this case involved the right to a jury—sacrosanct in Anglo–American jurisprudence since at least 1215.

{¶ 35} The Sixth Amendment to the United States Constitution provides, "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed * * *." And Section 5, Article I, of the Ohio Constitution states, "The right of trial by jury shall be inviolate, except that, in civil cases, laws may be passed to authorize the rendering of a verdict by the concurrence of not less than three-fourths of the jury."

{¶ 36} A jury waiver must be voluntarily, knowingly, and intelligently made.[4] Smith's no-contest plea to the solicitation charge was involuntary. She was threatened with a much harsher sentence in a different case for exercising a fundamental constitutional right.

---

3. See State v. Fritz, 178 Ohio App.3d 65, 2008-Ohio-4389, 896 N.E.2d 778, ¶ 9–10; State v. Gaston, 8th Dist. No. 82628, 2003-Ohio-5825, 2003 WL 22456731, ¶ 16; State v. Filchock (1996), 116 Ohio App.3d 572, 688 N.E.2d 1063; In re Steinmetz, 2d Dist. No. 19254, 2002-Ohio-4685, 2002 WL 31002616, ¶ 30; State v. Scalf (1998), 126 Ohio App.3d 614, 710 N.E.2d 1206.

4. See State v. Foust, 105 Ohio St.3d 137, 2004-Ohio-7006, 823 N.E.2d 836, at ¶ 52.

{¶ 37} And though the point has not been raised, we also note that Smith at no time acknowledged the jury waiver in open court, as required by R.C. 2945.05.[5]

{¶ 38} Because Smith's no-contest plea was involuntary, her conviction for solicitation is reversed, and this case is remanded for further proceedings before a different judge.[6]

Judgment reversed
and cause remanded.

SUNDERMANN, P.J., and CUNNINGHAM, J., concur.

---

5. See *State v. Lomax*, 114 Ohio St.3d 350, 2007-Ohio-4277, 872 N.E.2d 279.

6. See *State v. Fritz*, 178 Ohio App.3d 65, 2008-Ohio-4389, 896 N.E.2d 778, ¶ 31.