[Cite as *State v. Simmons*, 2012-Ohio-268.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 96778

---

## STATE OF OHIO

### PLAINTIFF-APPELLEE

vs.

## RONALD SIMMONS

### DEFENDANT-APPELLANT

---

### JUDGMENT:
### AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-541368

**BEFORE:** Sweeney, P.J., Jones, J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:**    January 26, 2012

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik, Esq.
Assistant Public Defender
By: John T. Martin, Esq.
Assistant Public Defender
310 Lakeside Avenue, Suite 400
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

William D. Mason, Esq.
Cuyahoga County Prosecutor
By: Steven E. Gall, Esq.
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

JAMES J. SWEENEY, P.J.:

{¶ 1}  Defendant-appellant appeals from his conviction for aggravated murder with firearm specifications. On appeal, he asserts that his constitutional rights were violated in relation to his jury waiver. For the reasons that follow, we affirm.

{¶ 2}  Defendant executed a voluntary waiver of jury trial on April 11, 2011 that was filed the same day. The court addressed defense counsel and defendant in open court concerning defendant's decision to waive his right to a jury. Specifically, the court confirmed that defense counsel had explained the jury waiver to defendant and that he attested to it in writing. Defendant stated that he voluntarily executed the waiver. A bench

trial commenced after the defendant's waiver of jury trial was filed and journalized. Defendant's sole assignment of error in this appeal is as follows:

**{¶ 3}** "The Defendant's jury waiver was not knowingly[,] intelligently and voluntarily entered."

**{¶ 4}** Defendant maintains that the trial court's colloquy with defendant and counsel did not adequately establish that he understood the rights he was surrendering. However, defendant acknowledges that the written waiver that he voluntarily executed was "valid on its face." We construe this to mean that it adequately advised defendant of his constitutional rights and memorialized the fact of his executed waiver of them. The written waiver also contains a certification from defense counsel as follows: "I have explained to my client his/her rights under the Constitution and laws of the United States and the State of Ohio to a trial by jury. No threats or promises have been made to induce the Defendant to waive that right, and I certify that this waiver has been knowingly, intelligently, and voluntarily made."

**{¶ 5}** R.C. 2945.05 governs the waiver of a jury trial and provides:

> In all criminal cases pending in courts of record in this state, the defendant may waive a trial by jury and be tried by the court without a jury. Such waiver by a defendant, shall be in writing, signed by the defendant, and filed in said cause and made a part of the record thereof. It shall be entitled in the court and cause, and in substance as follows: "I _____, defendant in the above cause, hereby voluntarily waive and relinquish my right to a trial by jury, and elect to be tried by a Judge of the Court in which the said cause may be pending. I fully understand that under the laws of this state, I have a constitutional right to a trial by jury.
> Such waiver of trial by jury must be made in open court after the defendant has been arraigned and has had opportunity to consult with counsel. Such

waiver may be withdrawn by the defendant at any time before the commencement of the trial.

{¶ 6} In order to be valid, a jury waiver must satisfy five conditions: "[i]t must be (1) in writing, (2) signed by the defendant, (3) filed, (4) made part of the record, and (5) made in open court." *See State v. Lomax*, 114 Ohio St.3d 350, 2007-Ohio-4277, 872 N.E.2d 279, ¶9. The Ohio Supreme Court has further directed, "a trial court does not need to engage in an extended colloquy with the defendant in order to comply with the statutory requirement that a jury waiver be made in open court." *Lomax*, 114 Ohio St.3d 350, 2007-Ohio-4277, 872 N.E.2d 279, ¶42. R.C. 2945.05 does "not mandate magic words, or a prolonged colloquy." *Id*. at ¶48. To be valid, there need only be "some evidence in the record of the proceedings that the defendant acknowledged the waiver to the trial court while in the presence of counsel, if any." *Id*. at ¶42.

{¶ 7} The record establishes that defendant acknowledged the waiver to the trial court while in the presence of his counsel. Defendant signed the written waiver; it was filed and made part of the record and done in open court. This court has found valid the waiver of these rights under factually analogous circumstances. *See State v. Cantie*, 8th Dist. No. 93864, 2010-Ohio-5350, 2010 WL 4352266. This assignment of error is accordingly overruled.

Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


JAMES J. SWEENEY, PRESIDING JUDGE

LARRY A. JONES, J., and
EILEEN A. GALLAGHER, J., CONCUR