[Cite as *State v. Johnson*, 2017-Ohio-1251.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| JUSTIN LAMAR JOHNSON | : | Case No. 2016CA00119 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:        Appeal from the Stark County Court
of Common Pleas, Case No.
2016CR0046


JUDGMENT:        Reversed and Remanded


DATE OF JUDGMENT:        March 31, 2017


APPEARANCES:

For Plaintiff-Appellee        For Defendant-Appellant

JOHN D. FERRERO        MARY G. WARLOP
Prosecuting Attorney        Abney Law Office, LLC
        116 Cleveland Avenue NW, Suite 500
By: RONALD MARK CALDWELL        Canton, Ohio 44702
Assistant Prosecuting Attorney
110 Central Plaza South, Suite 510
Canton, Ohio 44702

*Baldwin, J.*

**{¶1}** Appellant Justin Lamar Johnson appeals a judgment of the Stark County Common Pleas Court convicting him of having a weapon while under disability (R.C. 2923.13(A)(3)) and sentencing him to twenty-four months incarceration. Appellee is the State of Ohio.

### STATEMENT OF THE FACTS AND CASE

**{¶2}** Appellant was indicted by the Stark County Grand Jury with felonious assault, discharging a firearm on or near prohibited premises, and having a weapon while under disability. The case proceeded to a jury trial on the charges of felonious assault and discharging a firearm on or near prohibited premises, while the charge of having a weapon under a disability was tried to the court.

**{¶3}** The State presented testimony at trial that on December 23, 2015, appellant attended a party on Plain Avenue in Canton. Julius Jones and his girlfriend Shelby Bell were at the party. Conflicting testimony was presented as to whether just alcohol, or both alcohol and drugs were consumed at the party. During the party, Logan Cundiff showed a handgun to people at the party. Appellant offered to buy the handgun. However, the homeowner ordered everyone to leave, breaking up the party.

**{¶4}** According to the State's evidence, Jones and Bell went to a nearby drive-thru to buy cigarettes and beer on their way home. As they walked down an adjacent alley after leaving the drive-thru, they saw appellant walking toward them. Jones became angry and asked appellant why he was following them. Logan Cundiff also arrived on the scene. Appellant pulled out the gun Cundiff had shown him at the party, and attempted to shoot it several times at the ground, but the gun jammed. Bell tried to pull Jones away,

knowing Jones was not armed.  Appellant fired a round in the air, and then fired the gun at Jones, striking him in the chest.   Appellant's stepfather testified that appellant knocked on his door that night, and told him that he shot someone.

**{¶5}**    Appellant turned himself in to Detective Mike Talkington.  He told Talkington that he did not shoot Jones, and that he could not tell him who did shoot Jones because of a street code.

**{¶6}**    Appellant testified at trial that he attended the party, and learned that Jones was angry because appellant had had sex with Bell.  Appellant ran into Bell and Jones in the alley by the drive-thru, and Jones pointed a gun at appellant.  Appellant fled the scene, and ran into his cousin.  His cousin showed him a gun, and offered to accompany appellant back to the scene.  When they proceeded back to the scene, appellant noticed that Logan Cundiff was also there.  Jones told appellant that he wanted to fight him, but appellant walked away.  As he was walking, he heard a gunshot, and turned to see Jones on the ground and his cousin walking over to him.  Appellant then fled the scene.

**{¶7}**    The jury found appellant not guilty of felonious assault and discharging a firearm on or near prohibited premises.  However, the court convicted him of having a weapon under disability:

THE COURT:  Mr. Johnson, it is not uncommon that when verdicts of this

nature are decided that they are inconsistent.

This is gonna be an inconsistent verdict.

It's gonna be the order of the Court that the Court finds you guilty of Count

Number 3, having a weapon while under disability.

Ah, I disagree with the – my hearing of the evidence and my hearing of the testimony convinced me beyond a reasonable doubt that you did have a weapon while under disability. And as such, I'm gonna find you guilty of that charge.

{¶8} Tr. (II) 408-09.

{¶9} The court sentenced appellant to twenty-four months incarceration. Appellant assigns two errors on appeal:

{¶10} "I. DEFENDANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO TRIAL BY JURY BECAUSE THE TRIAL COURT FAILED TO COMPLY WITH O.R.C.§ 2945.05 AND FAILED TO OBTAIN A PROPER WAIVER OF JURY TRIAL.

{¶11} "II. THE TRIAL COURT'S FINDING OF GUILT WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE AND WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

I.

{¶12} In his first assignment of error, appellant argues that the court erred in failing to obtain an effective waiver of his right to a jury trial on the weapons under disability charge.

{¶13} R.C. 2945.05 governs jury waivers:

In all criminal cases pending in courts of record in this state, the defendant may waive a trial by jury and be tried by the court without a jury. Such waiver by a defendant, shall be in writing, signed by the defendant, and filed in said cause and made a part of the record thereof. It shall be entitled in the court and cause, and in substance as follows: "I _____,

defendant in the above cause, hereby voluntarily waive and relinquish my right to a trial by jury, and elect to be tried by a Judge of the Court in which the said cause may be pending. I fully understand that under the laws of this state, I have a constitutional right to a trial by jury."

Such waiver of trial by jury must be made in open court after the defendant has been arraigned and has had opportunity to consult with counsel. Such waiver may be withdrawn by the defendant at any time before the commencement of the trial.

{¶14} Crim. R. 23(A) further addresses the issue of jury waiver:

(A) **Trial by Jury.** In serious offense cases the defendant before commencement of the trial may knowingly, intelligently and voluntarily waive in writing his right to trial by jury. Such waiver may also be made during trial with the approval of the court and the consent of the prosecuting attorney. In petty offense cases, where there is a right of jury trial, the defendant shall be tried by the court unless he demands a jury trial. Such demand must be in writing and filed with the clerk of court not less than ten days prior to the date set for trial, or on or before the third day following receipt of notice of the date set for trial, whichever is later. Failure to demand a jury trial as provided in this subdivision is a complete waiver of the right thereto.

{¶15} A waiver of the right to a trial by jury must be made in writing, signed by the defendant, and filed as a part of the record, and must also be made in open court. *State v. Lomax*, 114 Ohio St.3d 350, 2007-Ohio-4277, 872 N.E.2d 279, paragraph one of the

syllabus (2007). To satisfy the "in open court" requirement set forth in R.C. 2945.05, there must be some evidence in the record that the defendant, while in the courtroom and in the presence of counsel, acknowledged the jury waiver to the trial court. *Id.* at paragraph two of the syllabus. In finding the colloquy inadequate to waive a jury trial, the Ohio Supreme Court in *Lomax* noted, "We do not mandate magic words, or a prolonged colloquy, but simply what Ohio law intends—that a defendant while in the courtroom and in the presence of counsel, if any, acknowledge to the trial court that the defendant wishes to waive the right to a jury trial." *Id.* at ¶48.

{¶16} The record reflects that there was no written waiver reviewed and signed by appellant. Further, the record does not reflect that appellant was addressed personally by the trial court to ascertain whether it was his, and not merely his attorney's, intention to waive his right to a jury trial on the weapons under disability charge. The following colloquy took place prior to the start of trial:

> MR. KANDEL: As far as – I guess we'd – we had spoke about trying to bifurcate count three of the indictment and just let the Court hear that as the finder of fact.
>
> The purpose of that is to keep the prior convictions out of the ears of the jury.
>
> Ah, with the Court's permission, we'd like to request that. And in doing so, we would stipulate to the defendant's prior record. Ah—
>
> MR. GUARNIERI: For the bifurcation.
>
> MR. KANDEL: --felony convictions, if we're permitted to bifurcate.

THE COURT: So if I understand correctly, the defense is requesting that in this matter – it's a three-count indictment. Count one and count two would be tried to the jury; count three would be tried specifically and exclusively to the Court?

MR. KANDEL: Correct, sir. Tr. (I) 16-17.

**{¶17}** The State concedes in its brief that the trial court failed to comply with R.C. 2945.05 and Crim. R. 23(A) in accepting appellant's waiver of a jury trial as to the weapons under disability charge, and that the case should be remanded for a new trial on that count of the indictment. We agree.

**{¶18}** The first assignment of error is sustained.

II.

**{¶19}** In his second assignment of error, appellant argues that his conviction is against the manifest weight and sufficiency of the evidence.

**{¶20}** Based on our disposition of the first assignment of error, appellant's conviction is reversed and the case is remanded for new trial. However, this assignment of error is only rendered partially moot by our determination that a new trial is required. The Double Jeopardy Clause does not preclude retrial of a defendant if the reversal was grounded upon a finding that the conviction was against the manifest weight of the evidence; however, retrial is barred if the reversal was based upon a finding that the evidence was legally insufficient to support the conviction. *State v. Thompkins*, 78 Ohio St.3d 380, 387-88, 1997-Ohio-52, 678 N.E.2d 541 (1997), *citing Tibbs v. Florida,* 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982). Therefore, appellant's claim that the judgment is against the manifest weight is rendered moot by our conclusion that a new trial is

required based on the court's failure to ascertain a proper jury waiver. However, appellant's claim that the judgment is not supported by sufficient evidence is not moot, as if appellant is correct that the evidence is insufficient, retrial would be barred by the Double Jeopardy Clause.

**{¶21}** An appellate court's function when reviewing the sufficiency of the evidence is to determine whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St. 3d 259, 574 N.E.2d 492, paragraph two of the syllabus (1991).

**{¶22}** Appellant was convicted of having a weapon under disability in violation of R.C. 2923.13(A)(3):

(A)    Unless relieved from disability under operation of law or legal process, no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if any of the following apply:

(3)    The person is under indictment for or has been convicted of any felony offense involving the illegal possession, use, sale, administration, distribution, or trafficking in any drug of abuse or has been adjudicated a delinquent child for the commission of an offense that, if committed by an adult, would have been a felony offense involving the illegal possession, use, sale, administration, distribution, or trafficking in any drug of abuse.

**{¶23}** Both Bell and Jones testified that they knew appellant, and that they witnessed appellant shoot Jones with a firearm. Further, there was evidence presented that appellant had a prior conviction for cocaine possession. Viewed in a light most

favorable to the prosecution, there is sufficient evidence presented from which a rational trier of fact could find appellant guilty of having a weapon under disability.

**{¶24}** The second assignment of error is overruled.

**{¶25}** The judgment of the Stark County Common Pleas Court is reversed and this case is remanded to that court for new trial.  Costs are assessed to appellee.

By: Baldwin, J.

Wise, J. concur

Hoffman, P.J. concurs separately.

*Hoffman, P.J., concurring*

**{¶26}** I concur in the majority's analysis and disposition of both of Appellant's assignments of error.

**{¶27}** I write separately only with respect to the jury waiver issue. Although conceded by the State, I would have found the invited error doctrine "may" apply in this case, particularly where, as here, the reason to bifurcate the weapons charge and try that matter to the trial court is beneficial to the defendant.