[Cite as *State v. Osterman*, 2022-Ohio-2751.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-200415 |
| | | TRIAL NO. B-2001126 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| | : | |
| JOHN OSTERMAN, | | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: August 10, 2022

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Mary Stier*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Edward O. Keller*, for Defendant-Appellant.

**BERGERON, Judge.**

{¶1}    Defendant-appellant John Osterman appeals his convictions for two counts of felonious assault, contending that the trial court erroneously conducted a bench trial without an effective jury waiver.  We agree because Mr. Osterman never personally acknowledged the jury waiver in open court, and we thus reverse his convictions and remand this cause for a new trial.

I.

{¶2}    In February 2020, Mr. Osterman was indicted for two counts of felonious assault for allegedly stabbing his roommate with a kitchen knife.  The following exchange ensued prior to trial:

THE COURT: All right.  We're here for Case Number B2001126, State of Ohio

v. John Osterman.  [Defense counsel] is here today.  It's my understanding that

we are going forward with a bench trial at this time; is that correct, sir?

[DEFENSE COUNSEL]: That is correct.

THE COURT: I do have an entry on waiver of trial by jury under this case

number that was signed—it appears to be by you, [defense counsel], as well as

Mr. Osterman; is that correct?

[DEFENSE COUNSEL]: That is correct.

THE COURT: For the record, this case was originally in front of me for a plea.

I accepted Mr. Osterman's plea to Count 1 with a dismissal on Count 2.  When

we came back for sentencing, Mr. Osterman wished to withdraw his guilty plea

at that time, which the Court accepted.  There was some back and forth when

we were accepting the plea originally, so I knew there was some consternation

there.  So I had no objection to accepting it.  At that time, [defense counsel],

you wished to go forward with a bench trial, which is what we scheduled for today; is that correct?

[DEFENSE COUNSEL]: That is correct.

THE COURT: Is the state ready to proceed at this time?

[PROSECUTOR]: We are, Judge.

**{¶3}** After a bench trial was held, the trial court convicted Mr. Osterman of both counts and sentenced him to an indefinite term of 8 to 12 years under the Reagan Tokes Law. This appeal followed, in which Mr. Osterman maintains that (1) the trial court erroneously conducted a bench trial because his purported jury waiver was not made in open court under R.C. 2945.05, and (2) his sentences must be vacated because the Reagan Tokes Law is facially unconstitutional. Based on our resolution of Mr. Osterman's first assignment of error, it obviates our need to consider the constitutionality of the Reagan Tokes Law.

II.

**{¶4}** Turning to Mr. Osterman's first assignment of error, a criminal defendant enjoys the constitutional right to a jury trial. The Sixth Amendment to the U.S. Constitution; Ohio Constitution, Article I, Section 5. The General Assembly provided a mechanism to enable defendants to waive their rights to a jury trial and proceed with a bench trial, but it did so in a manner to ensure that the waiver is "knowingly, intelligently, and voluntarily" made. *State v. Lomax*, 114 Ohio St.3d 350, 2007-Ohio-4277, 872 N.E.2d 279, ¶ 6, citing R.C. 2945.05. As the Supreme Court summarized the statutory requirements, "to be valid, a waiver must meet five conditions. It must be (1) in writing, (2) signed by the defendant, (3) filed, (4) made part of the record, and (5) made in open court." *Id*. at ¶ 9. This case implicates the "open court" requirement, as none of the other aspects are in dispute.

**{¶5}** R.C. 2945.05 requires a jury waiver be "made in open court after the defendant has been arraigned and has had opportunity to consult with counsel." "To satisfy the 'in open

court' requirement in R.C. 2945.05, there must be some evidence in the record that the defendant while in the courtroom and in the presence of counsel, if any, acknowledged the jury waiver to the trial court." *Id.* at paragraph two of the syllabus. We review jury waivers for strict compliance with R.C. 2945.05. *State v. Sweeting,* 2019-Ohio-2360, 138 N.E.3d 567, ¶ 12 (1st Dist.) ("The Ohio Supreme Court has repeatedly held that strict compliance with R.C. 2945.05 is necessary for a valid jury waiver.").

{¶6}    The state concedes that Mr. Osterman did not personally acknowledge the jury waiver in court, but it seeks to salvage the convictions by pointing to his lawyer's acknowledgment of the waiver on his behalf as satisfying the open court mandate.  But the Tenth District recently rejected the state's interpretation of R.C. 2945.05 in *State v. Banks*, 2019-Ohio-5440, 151 N.E.3d 198, ¶ 24-25 (10th Dist.).  In that case, the transcript did not contain a colloquy between the court and the defendant regarding the waiver of the jury trial. *Id.* at ¶ 24.  Although the defendant's counsel acknowledged the jury waiver, the trial court never personally addressed the defendant about the waiver, nor did the defendant ever orally acknowledge the waiver. *Id.* at ¶ 23-24.  Under those circumstances, the Tenth District found the jury waiver invalid, explaining that "there must be an oral acknowledgment by the accused, in open court, that he or she wishes to waive the right to a jury trial in order to comply with the requirements of R.C. 2945.05 and for the jury waiver to be valid.  * * * Because the record in this case does not reveal any such acknowledgment by appellant, we find the trial court did not comply with the requirements of R.C. 2945.05, and the jury waiver is invalid." *Id.* at ¶ 24-25.

{¶7}    In reaching its decision, the Tenth District relied on *Lomax*.  There the Ohio Supreme Court held that a jury waiver violated the open court requirement when the trial court failed to personally address the defendant or have him orally acknowledge the jury waiver. *Lomax*, 114 Ohio St.3d 350, 2007-Ohio-4277, 872 N.E.2d 279, at ¶ 47.  The Ohio

Supreme Court acknowledged that the trial court need not "engage in an extended colloquy with the defendant in order to comply" with the open court requirement, but the record must reflect "some evidence" that "the defendant acknowledged the waiver to the trial court while in the presence of counsel, if any." *Id.* at ¶ 42. Although the trial court made a passing reference to the jury waiver, it "did not address [the defendant] and have him acknowledge in the courtroom and in the presence of counsel that he was waiving his right to a jury trial." *Id.* at ¶ 47. Accordingly, the court did not hesitate to find the jury trial waiver invalid under R.C. 2945.05.

{¶8} Consistent with the Supreme Court's guidance in *Lomax*, we find the Tenth District's reasoning in *Banks* persuasive, and we are not alone in that regard. The Twelfth District recently followed *Banks* in *State v. Reynolds*, 12th Dist. Warren No. CA2019-08-077, 2020-Ohio-4354, ¶ 14. In that case, "[r]ather than personally address[ing] [the defendant] or hav[ing] her acknowledge that she was in fact waiving her right to a jury trial, the trial court asked the state if it was prepared to move forward." *Id.* at ¶ 13. The matter proceeded to a bench trial, and the trial court ultimately convicted the defendant. *Id.* Because the record contained no indication that the defendant personally acknowledged the jury waiver, the Twelfth District likewise deemed the jury waiver invalid. *Id.* at ¶ 14-15.

{¶9} Like in *Banks* and *Reynolds*, here the trial court never personally addressed Mr. Osterman about the waiver, and he never orally acknowledged the jury waiver in open court. "Because there is no indication from the transcript, nor any other evidence in the record, that [the defendant] waived his right to a jury trial in open court, the requirements of R.C. 2945.05 were not met in this case and the waiver must be deemed invalid." *Lomax* at ¶ 47. Based on those cases, we sustain Mr. Osterman's first assignment of error, reverse his convictions, and remand this cause for a new trial.

\*      \*      \*

{¶10}  In light of the foregoing, we sustain Mr. Osterman's first assignment of error, reverse his convictions, and remand this cause for a new trial.  Our resolution of the first assignment of error renders the second assignment of error moot, and therefore, we do not address it.

Judgment reversed and cause remanded.

**ZAYAS, P. J.,** and **CROUSE, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.

\*      \*      \*