[Cite as *State v. Mastrobuono*, 2024-Ohio-2154.]

| | | |
|---|---|---|
| STATE OF OHIO | )<br>)ss: | IN THE COURT OF APPEALS<br>NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

    v.

JOHN MASTROBUONO

    Appellant

C.A. No.    30827

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 20 03 0892

DECISION AND JOURNAL ENTRY

Dated: June 5, 2024

CARR, Judge.

{¶1} Appellant, John Mastrobuono, appeals the judgment of the Summit County Court of Common Pleas. This Court affirms in part, reverses in part, and remands for further proceedings consistent with this decision.

I.

{¶2} On March 23, 2020, the Summit County Grand Jury indicted Mastrobuono on one count of defrauding creditors in violation of R.C. 2913.45(A)(1)/(B). The charges stemmed from the sale of a 2012 blue BMW 750 ("the blue BMW") in January 2020. Mastrobuono pleaded not guilty to the charge at arraignment.

{¶3} The matter proceeded to a bench trial. Whether Mastrobuono waived his right to a jury trial is a contested issue in this appeal. After trial, the trial court found Mastrobuono guilty of the sole count in the indictment. The trial court imposed community control and ordered Mastrobuono to pay restitution.

**{¶4}** On appeal, Mastrobuono raises four assignments of error.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT ERRED WHEN IT VIOLATED MR. MASTROBUONO'S CONSTITUTIONAL RIGHT TO A TRIAL BY JURY AND PROCEEDED TO A BENCH TRIAL WITHOUT A VALID WAIVER IN OPEN COURT.

**{¶5}** In his first assignment of error, Mastrobuono contends that the trial court violated his right to a jury trial. This Court agrees.

**{¶6}** "The Sixth Amendment to the United States Constitution, made applicable to the states through the Fourteenth Amendment, guarantees an accused the right to trial by jury." *State v. Lomax*, 114 Ohio St.3d 350, 2007-Ohio-4277, ¶ 6. Article I, Section 5 of the Ohio Constitution provides that "[t]he right of trial by jury shall be inviolate[.]"

**{¶7}** R.C. 2945.05 sets forth the procedure through which a defendant may waive his or her right to a jury trial. R.C. 2945.05 provides as follows:

> In all criminal cases pending in courts of record in this state, the defendant may waive a trial by jury and be tried by the court without a jury. Such waiver by a defendant, shall be in writing, signed by the defendant, and filed in said cause and made a part of the record thereof. * * * Such waiver of trial by jury must be made in open court after the defendant has been arraigned and has had opportunity to consult with counsel. Such waiver may be withdrawn by the defendant at any time before the commencement of the trial.

**{¶8}** "Therefore, to be valid, a waiver must meet five conditions. It must be (1) in writing, (2) signed by the defendant, (3) filed, (4) made part of the record, and (5) made in open court." *Lomax* at ¶ 9. "To satisfy the 'in open court' requirement * * *, there must be some evidence in the record that the defendant while in the courtroom and in the presence of counsel, if any, acknowledged the jury waiver to the trial court." *Id*. at paragraph two of the syllabus.

{¶9} The Supreme Court in *Lomax* sought "to clarify the meaning of the 'open court' requirement in R.C. 2945.05 and to determine the significance of written waivers with respect to the right to trial by jury." *Lomax* at ¶ 1. The Supreme Court "conclude[d] that a trial court does not need to engage in an extended colloquy with the defendant in order to comply with the statutory requirement that a jury waiver be made in open court. There must be, however, some evidence in the record of the proceedings that the defendant acknowledged the waiver to the trial court while in the presence of counsel, if any." *Id*. at ¶ 42. The high court further observed that "[a]bsent such evidence, the waiver does not comply with the requirements of R.C. 2945.05 and is therefore invalid." *Id*.

{¶10} A review of the transcript reveals that the parties appeared for a jury trial on Friday, May 5, 2023. The trial court indicated that the original plan was to seat a jury that afternoon and commence with opening statements and the State's case the following Monday morning. At the outset of the proceedings, however, the following exchange occurred on the record:

> THE COURT: We're scheduled today for trial. It's my understanding that this is going to be converted from a jury trial to a bench trial; is that correct, [defense counsel]?
>
> [DEFENSE COUNSEL]: That's correct, Judge. I spoke to [the] Prosecutor [] about that yesterday. I believe she informed the Court after consulting with my client, discussing what the facts are and what evidence would come out, we decided to have a bench trial, yes.

{¶11} The trial court indicated that the bench trial would commence on Monday morning. After the parties placed a stipulation on the record regarding an evidentiary issue, the following exchange took place:

> [PROSECUTOR]: One more thing, Your Honor. I know we put on the record that this is being converted, but I'm not sure if defense has actually filed a waiver of the jury.

THE COURT: Good point.  We have a form actually, [Defense Counsel], that we'll pull up for you and we'll have you sign it, then I'll run through everything with Mr. Mastrobuono.

[DEFENSE COUNSEL]:      I've gone over the form with Mr. Mastrobuono.  He's signed it, it has 2019 on the form, and I corrected that.  We understand we're waiving the right to trial by jury, and we're asking for a bench trial Monday morning.

THE COURT: Thank you.  All right.  Mr. Mastrobuono, I'm going to go ahead and sign this.  I feel comfortable that you understand what you are doing here, and we'll see you Monday morning at 9:00 a.m.  Thank you.

{¶12}   The trial court never provided Mr. Mastrobuono with an opportunity to address the jury trial waiver.  Although the trial court indicated that it would "run through everything" with Mastrobuono, it never did so.  Furthermore, while a written waiver was filed on May 5, 2023, the trial court never addressed the waiver issue prior to the commencement of the bench trial on May 8, 2023.

{¶13}   Under these circumstances, we are compelled to sustain Mastrobuono's first assignment of error.  There is no evidence in the record that Mastrobuono acknowledged the jury trial waiver to the trial court.  While we are mindful that an extended colloquy is not required under Ohio law, this case involves a scenario where the trial court never addressed Mastrobuono and provided him with an opportunity to "acknowledge to the trial court that the [he] wishe[d] to waive the right to a jury trial." *Lomax*, 114 Ohio St.3d 350, 2007-Ohio-4277, at ¶ 48.  Furthermore, to the extent that the State argues that Mastrobuono never protested on the record, a review of the transcript reveals that Mastrobuono was never given the opportunity to do so.  It follows that the first assignment of error is sustained.

{¶14}   Mastrobuono's first assignment of error is sustained.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED WHEN IT FAILED TO ACQUIT MR. MASTROBUONO AS THE STATE OF OHIO FAILED TO INTRODUCE

SUFFICIENT EVIDENCE TO SUSTAIN A CONVICTION THEREBY VIOLATING MR. MASTROBUONO'S CONSTITUTIONAL RIGHTS.

{¶15} In his second assignment of error, Mastrobuono argues that the State failed to present sufficient evidence of his conviction. This Court disagrees.

{¶16} Although this Court's resolution of Mastrobuono's first assignment of error mandates reversal, we nonetheless address his sufficiency challenge because of the constitutional protection against double jeopardy. *State v. Lindow*, 9th Dist. Summit No. 27417, 2016-Ohio-913, ¶ 15.

{¶17} When reviewing the sufficiency of the evidence, this Court must review the evidence in a light most favorable to the prosecution to determine whether the evidence before the trial court was sufficient to sustain a conviction. *State v. Jenks*, 61 Ohio St.3d 259, 279 (1991).

> An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

*Id*. at paragraph two of the syllabus.

{¶18} Mastrobuono was convicted of one count of defrauding creditors in violation of R.C. 2913.45(A)(1), which states, "No person, with purpose to defraud one or more of the person's creditors, shall * * * [r]emove, conceal, destroy, encumber, convey, or otherwise deal with any of the person's property[.]" R.C. 2913.45(B) provides, in part, that "[i]f the value of the property involved is seven thousand five hundred dollars or more and is less than one hundred fifty thousand dollars, defrauding creditors is a felony of the fourth degree."

{¶19} R.C. 2901.22(A) states that "[a] person acts purposely when it is the person's specific intention to cause a certain result, or, when the gist of the offense is a prohibition against

conduct of a certain nature, regardless of what the offender intends to accomplish thereby, it is the offender's specific intention to engage in conduct of that nature."

{¶20} At trial, the State presented evidence of the following narrative. On January 14, 2020, A2 Properties, LLC, filed a praecipe for a writ of execution that identified Mastrobuono and his wife, Jeni, as judgment debtors. The praecipe requested a writ of execution that would allow law enforcement to take possession of the blue BMW, which was registered to Mastrobuono. The praecipe was introduced at trial as Exhibit 1. A signed writ of execution, which identified A2 Properties as a judgment creditor and Mastrobuono as a judgment debtor, was introduced as Exhibit 2. Notably, the evidence presented at trial revealed that the initial writ of execution, Exhibit 2, contained a clerical error regarding its instructions to the sheriff. Specifically, the initial writ states, "YOU ARE HEREBY COMMANDED TO EXECUTE ON THE GOOD AND CHATT[EL]S OF MARTIN PULTRUSION GROUP, INC. * * *." At trial, the State also introduced Exhibit 3, a corrected writ of execution that was filed on January 17, 2020, which states, "YOU ARE HEREBY COMMANDED TO EXECUTE ON THE GOOD AND CHATT[EL]S OF JOHN MASTROBUONO AND JENI MASTROBUONO * * *."

{¶21} On January 17, 2020, Deputy Danner from the Summit County Sheriff's Office traveled to Mastrobuono's Bath Township home with the praecipe and the initial writ of execution. Accompanied by two Bath Township patrolmen, Deputy Danner sought to take possession of the blue BMW pursuant to the writ. Mastrobuono allowed the officers into his home. Deputy Danner testified that he explained the purpose of a writ of execution, who applied for the writ, and the pertinent procedures pertaining to the writ. Deputy Danner further testified that he allowed Mastrobuono to review the papers. Deputy Danner testified that Mastrobuono contacted his attorney to discuss the situation. Mastrobuono informed the officers that his wife had the blue

BMW and that she was out of town at that time. The officers left the home without taking possession of the vehicle. Deputy Danner testified that he attempted to call Mastrobuono in the following days but he was never able to take possession of the blue BMW.[1]

{¶22} On January 22, 2020, Mastrobuono sold the blue BMW to P.F. P.F. testified that he discovered the blue BMW when it was listed on Craig's List. The vehicle was listed for $18,000 and P.F. made an offer of $15,000. Mastrobuono rejected that offer. Several months later, in January 2020, P.F. noticed that the car was still listed on Craig's List. P.F. again offered $15,000 for the blue BMW, and Mastrobuono accepted.

{¶23} During his testimony, Deputy Danner explained that the general practice is to give the judgment debtor a copy of the praecipe or writ of execution after the item has been received. During his conversation with Mastrobuono on January 17, 2020, Deputy Danner identified the party that applied for the writ and, further, that the writ concerned the blue BMW. A review of a body camera video introduced at trial confirms that Deputy Danner identified A2 Properties as the entity that applied for the writ and that Mastrobuono understood the debtor/creditor dynamic at play.

{¶24} Deputy Danner acknowledged at trial that the writ of execution that he took to the Mastrobuono residence on January 17, 2020, contained the aforementioned clerical error. Although Deputy Danner did not learn about the clerical error until later that day, he explained during his trial testimony that the clerical error did not create any confusion during his exchange with Mastrobuono.

---

[1] On January 24, 2020, Deputy Danner was able to take possession of a white BMW that was registered to Mastrobuono pursuant to a separate writ of execution. Deputy Danner was never able to locate the blue BMW.

**{¶25}** In support of his sufficiency challenge, Mastrobuono argues that the State failed to prove that he was involved in a debtor/creditor relationship. Mastrobuono further contends that the State failed to demonstrate that he acted with purpose to defraud a creditor when he sold the blue BMW.

**{¶26}** Mastrobuono's arguments are without merit. This Court remains mindful that we must construe the evidence in the light most favorable to the State in resolving a sufficiency challenge. *Jenks*, 61 Ohio St.3d at 279. The State presented evidence that, on January 17, 2020, Deputy Danner informed Mastrobuono that he intended to take possession of the blue BMW pursuant to a writ of execution that identified A2 properties as a judgment creditor. Mastrobuono's comments during his conversation with Deputy Danner suggest that he understood the significance of the writ of execution. Just days after his encounter with Deputy Danner, Mastrobuono sold the blue BMW to P.F. for $15,000, despite having previously been unwilling to sell the vehicle at that price. The aforementioned evidence, when construed in the light most favorable to the State, was sufficient to sustain Mastrobuono's conviction for defrauding a creditor.

**{¶27}** Mastrobuono's second assignment of error is overruled.

### ASSIGNMENT OF ERROR III

THE CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN VIOLATION OF ARTICLE IV, SECTION 3, OF THE OHIO CONSTITUTION.

### ASSIGNMENT OF ERROR IV

MR. MASTROBUONO WAS DENIED HIS FUNDAMENTAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES OF AMERICA AND MADE APPLICABLE TO THE STATES BY AND THROUGH THE FOURTEENTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES OF AMERICA.

**{¶28}** In his third assignment of error, Mastrobuono argues that his convictions are against the weight of the evidence. In his fourth assignment of error, Mastrobuono argues that he was denied effective assistance of counsel. Given that this Court's resolution of Mastrobuono's first assignment of error is dispositive of this appeal, we decline to address the third and fourth assignments of error as they have been rendered moot. App.R. 12(A)(1)(c).

### III.

**{¶29}** The first assignment of error is sustained. The second assignment of error is overruled. This Court declines to address the third and fourth assignments of error as they have been rendered moot. The judgment of the Summit County Court of Common Pleas is affirmed in part, reversed in part, and the cause remanded for further proceedings consistent with this decision.

Judgment affirmed in part,
reversed in part,
and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

DONNA J. CARR
FOR THE COURT

STEVENSON, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

RONALD L. FREY, Attorney at Law, for Appellant.

ELLIOT KOLKOVICH, Prosecuting Attorney, and HEAVEN R. DIMARTINO, Assistant Prosecuting Attorney, for Appellee.