[Cite as *State v. Woodbridge*, 2014-Ohio-1338.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No.     26911 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| BRUCE CAMERON WOODBRIDGE | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.     CR 12 04 1000 |

DECISION AND JOURNAL ENTRY

Dated: March 31, 2014

HENSAL, Judge.

{¶1}   Bruce Woodbridge appeals his convictions for domestic violence and resisting arrest in the Summit County Court of Common Pleas. For the following reasons, this Court reverses.

I.

{¶2}   In April 2012, the Grand Jury indicted Mr. Woodbridge for domestic violence and resisting arrest. A week before trial, Mr. Woodbridge filed a "Waiver of Jury," in which he requested a bench trial. On the day of trial, Mr. Woodbridge executed a "Jury Waiver" that provided: "I do hereby knowingly and voluntarily waive my right to have my case tried by a jury of my peers and consent to my case being tried by the Court." The same document contained a "Certification" by Mr. Woodbridge's lawyer, stating that the lawyer had explained to Mr. Woodbridge that he has a right to have his case heard by a jury, and that Mr. Woodbridge had voluntarily consented to have his case tried by the court.

{¶3}    At the beginning of the trial, the court noted that it had received a document indicating that Mr. Woodbridge was knowingly and voluntarily waiving his right to have a jury trial and wanted his case to be decided by the court. The court asked Mr. Woodbridge whether that was correct, and Mr. Woodbridge answered: "That's correct." The court confirmed that it was Mr. Woodbridge's signature on the document, and asked whether it was Mr. Woodbridge's will that the case be decided by the court rather than a jury. When Mr. Woodbridge replied in the affirmative, the court proceeded with a trial to the bench. Following the presentation of the evidence, it found Mr. Woodbridge guilty of the offenses, and sentenced him to two year of community control. Mr. Woodbridge has appealed, assigning ten errors.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR AND WAS WITHOUT JURISDICTION TO CONDUCT A BENCH TRIAL BECAUSE THE REQUIREMENTS OF R.C. 2945.05 WERE NOT STRICTLY FOLLOWED.

{¶4}    Mr. Woodbridge argues that his jury trial waiver was invalid because it did not comply with Revised Code Section 2945.05. He argues that, unless he signed a written waiver that strictly complied with Section 2945.05, the trial court did not have jurisdiction to conduct a bench trial and his convictions must be vacated. He also argues that, to the extent that his lawyer did not make a timely objection at trial, the trial court committed plain error when it held a bench trial without a proper waiver.

{¶5}    Section 2945.05 provides that a criminal defendant may waive his right to a trial by jury. The waiver "shall be in writing, signed by the defendant, and filed in said cause and made a part of the record thereof." R.C. 2945.05. It must also provide, in substance:

> I * * *, defendant in the above cause, hereby voluntarily waive and relinquish my right to a trial by jury, and elect to be tried by a Judge of the Court in which the said cause may be pending. I fully understand that under the laws of this state, I have a constitutional right to a trial by jury.

The Ohio Supreme has held that, "[a]bsent strict compliance with the requirements of R.C. 2945.05, a trial court lacks jurisdiction to try the defendant without a jury." *State v. Pless*, 74 Ohio St.3d 333 (1996), paragraph one of the syllabus.

{¶6} Although "Ohio courts have declined to find that the language of the waiver must be a verbatim recitation of R.C. 2945.05," the content of the waiver must be in "[s]ubstantial compliance" with the suggested language. *State v. Webb*, 10th Dist. Franklin No. 10AP-289, 2010-Ohio-6122, ¶ 26-27, citing *State v. Townsend*, 3d Dist. Marion No. 9-03-40, 2003-Ohio-6992, ¶ 16. Mr. Woodbridge's written waiver in this case provided: "I do hereby knowingly and voluntarily waive my right to have my case tried by a jury of my peers and consent to my case being tried by the Court."

{¶7} While the content of Mr. Woodbridge's written waiver is substantially similar to the first sentence of the statute's suggested language, there is nothing in the waiver that conforms with the second sentence. Specifically, there is nothing in the written waiver that indicates that Mr. Woodbridge fully understands that he has a constitutional right to a jury trial. While the waiver does claim that Mr. Woodbridge is acting "knowingly," that mere assertion is an insufficient substitution for the requirement under Section 2945.05 that a criminal defendant declare that he "fully understand[s] that under the laws of this state, [he has] a constitutional right to a trial by jury."

{¶8} Under the plain language of Section 2945.05, the entirety of a defendant's jury-trial waiver must be in writing. R.C. 2945.05; *State v. Lomax*, 114 Ohio St.3d 350, 2007-Ohio-4277, ¶ 9 ("[T]o be valid, a waiver [under Section 2945.05] must meet five conditions. It must

be (1) in writing, (2) signed by the defendant, (3) filed, (4) made part of the record, and (5) made in open court."). Accordingly, Mr. Woodbridge's lawyer's certification and the trial court's colloquy with Mr. Woodbridge cannot cure the defect with the written waiver. Furthermore, since the Ohio Supreme Court has categorized the defect as jurisdictional, it was plain error for the trial court to conduct a bench trial without a valid waiver. *See* Crim.R. 52(B); *State v. Pflanz*, 135 Ohio App.3d 338, 339 (1st Dist.1999) (concluding that violation of Section 2945.05 constituted plain error per se).

{¶9} Upon review of the record, we conclude that, because Mr. Woodbridge did not validly waive his right to a jury trial, the trial court did not have jurisdiction to conduct a bench trial. Mr. Woodbridge's first assignment of error is sustained. In light of our disposition of his first assignment of error, his remaining assignments of error are moot, and they are overruled on that basis.

### III.

{¶10} The trial court incorrectly determined that Mr. Woodbridge's jury trial waiver was valid under Section 2945.05. The judgment of the Summit County Court of Common Pleas is reversed, and this matter is remanded for further proceedings consistent with this decision.

{¶11} Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

JENNIFER HENSAL
FOR THE COURT

MOORE, P. J.
BELFANCE, J.
CONCUR.

APPEARANCES:

NEIL P. AGARWAL, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.