[Cite as *State v. Sweeting*, 2019-Ohio-2360.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO

|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-180161 |
|  |  | TRIAL NO. B-1706232 |
| Plaintiff-Appellee, | : |  |
|  |  | *O P I N I O N.* |
| vs. | : |  |
|  |  |  |
| DEIONANDREA SWEETING, | : |  |
|  |  |  |
| Defendant-Appellant. | : |  |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: June 14, 2019

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Paula E. Adams*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Angela Glaser*, for Defendant-Appellant.

**ZAYAS, Presiding Judge.**

{¶1} Following a bench trial, defendant-appellant Deionandrea Sweeting was found guilty of violating R.C. 2950.04 for failing to register his address with the Hamilton County Sheriff within five days of coming into the county, a felony of the third degree. He was sentenced to 18 months' incarceration. He appeals his conviction arguing that the trial court erred in conducting a bench trial without a proper jury waiver. Sweeting contends that the court failed to strictly comply with R.C. 2945.05 because he did not sign a jury waiver, and that any purported waiver was not knowingly and intelligently made. Because Sweeting did not execute a valid jury waiver, the judgment of the trial court is reversed, and the matter remanded for a new trial.

### Pretrial Proceedings

{¶2} Sweeting was indicted on October 24, 2017, for failing to register in violation of R.C. 2950.04. After his first attorney withdrew from his case, the trial court appointed a second attorney on December 18, 2017. Approximately a month later, Sweeting filed a motion to remove counsel for failing to file an affidavit of disqualification, and the trial court appointed a third attorney on February 2, 2018. At that point, Sweeting waived his right to counsel and proceeded to represent himself. The trial court appointed standby counsel at Sweeting's request. The case was scheduled for trial on March 7, 2018.

{¶3} On the day of trial, Sweeting was informed that a jury was present and waiting in the hallway for the proceedings to begin. Sweeting replied, "I never asked for a jury. I am having a bench trial. You was the one that set it up for a jury. Ain't

2

nobody told me nothing about that [Judge] Dinkelacker." Sweeting reaffirmed that he wanted a bench trial, and the trial court searched for a waiver form.

{¶4} While the court was securing a jury-waiver form, Sweeting addressed the court and asked for a continuance for a litany of reasons that the trial court patiently addressed. First, Sweeting had filed an affidavit of disqualification alleging that he had filed criminal charges against the judge and asking that the judge be removed from the case due to the appearance of impropriety. The judge informed Sweeting that the Ohio Supreme Court had overruled his affidavit. Additionally, the court explained that no criminal charges had been instituted against him, and that the court proceedings could continue.

{¶5} Finally, Sweeting explained that he was not prepared for trial because his standby counsel told him that the trial had been postponed for a day, so he did not have the necessary paperwork for trial. Standby counsel confirmed that he had told Sweeting earlier that morning that the trial had been delayed until the following day. The court overruled the request and reminded Sweeting that he had never come to court prepared and had been warned to be ready for trial.

{¶6} After the continuance was denied, Sweeting asked the judge to recuse himself alleging that the judge was biased and prejudiced against him. After allowing Sweeting to express his opinion, the court asked him if he wanted to proceed with the jury. Sweeting opined that juries do not know about the law and can be persuaded. When standby counsel addressed the court and stated, "Your honor, before we bring the jury in," Sweeting interrupted and exclaimed, "I am not having no jury. I object to this. I am not having no jury because you are trying to blame it on the jury. You are not going to blame it on the jury. I want a bench trial."

{¶7}   When the court attempted to confirm that he wanted a bench trial, Sweeting responded, "You are not binding me in no contract, no contract with you." Shortly thereafter,  the court engaged in following colloquy:

THE COURT: I have a jury waiting out there.

MR. SWEETING: I am not picking no jury.  I am not having no jury.

THE COURT: You do not want a jury.  Okay.  I have in my hand, then, a waiver of trial by jury.  Before we can proceed - -

MR. SWEETING: You are not binding me in no contract.

THE COURT: It says: I Deionandrea Sweeting - - listen for a second, please.  I Deionandrea Sweeting, the defendant in the above cause, hereby voluntarily waive my right to a trial by jury.  I fully understand - -

MR. SWEETING: I am not binding any contract you trying to put me in.  I am not.  I am not binding into any contract what you talking about.

THE COURT: I am reading this to you.

MR. SWEETING: I ain't binding into no contract.

THE COURT: You do not want a jury; is that correct?

MR. SWEETING: I am not going to allow you to hear me on the case.

THE COURT: You don't want a jury?

MR. SWEETING: I am not going to allow you to hear me on the case.  I didn't say that.  You keep saying that.  You trying to bribe me.  You trying to bribe me into settling the matter.  You are not going to bribe me.  I am not going.  I am not going.  You trying to bribe me.

THE COURT: Don't use the word bribe again.

MR. SWEETING: That's what you doing.

THE COURT: If you do it again, you use that again, you use the word bribe against me again, and I am going to hold you in contempt.

MR. SWEETING: Hold me in contempt. What can I lose? What can I lose?

THE COURT: You want to proceed with jury trial or - -

MR. SWEETING: You keep trying to bind me into a contract. You can't bind me to settle the matter. That's what you are doing. And now you know what you doing.

THE COURT: I think based upon everything that has happened, Counsel, I know you are just standby, [prosecutor], he is not going to proceed in an orderly fashion no matter what I do. He has indicated earlier that he does not want a jury. He will not sign or listen to a waiver of trial by jury - - hold on now.

One more time, I believe at this point it is appropriate for me to procced without a jury. He indicated several times he does not want a jury, and I think it is best to do that with the waiver of trial by jury, which he will not sign, will not do anything with. I am at a loss for Court of Appeals or anybody else as to what to do. I think the fair thing is to honor his request not to have a jury, so we are going to proceed without a jury.

{¶8}  The court proceeded to a bench trial, and Sweeting objected. After a brief recess to dismiss the jurors, the trial court declared that "based upon what Mr.

Sweeting has indicated for the record, I take it as a waiver of his trial by jury." The court journalized a jury waiver that was not signed by Sweeting, with the following notation: "Mr. Sweeting indicated on the record he did not want a jury trial. He refused to respond to the court's request to sign this waiver even though he indicated he wanted a trial to the court." The waiver form was signed by the judge. The case proceeded to trial, and the trial court rendered a guilty verdict and sentenced Sweeting to 18 months' incarceration.

{¶9} On appeal, Sweeting presents a single assignment of error contending that the court had no jurisdiction to conduct a bench trial without a proper jury waiver.

### Validity of Jury Waiver

{¶10} The Sixth Amendment to the United States Constitution and Article 1, Section 10 of the Ohio Constitution guarantee a criminal defendant the right to a jury trial. Under Crim.R. 23(A), a defendant may "may knowingly, intelligently, and voluntarily waive in writing his right to trial by jury." The General Assembly has prescribed the manner in which a defendant may waive this right in R.C. 2945.05, which states:

> In all criminal cases pending in courts of record in this state, the
> defendant may waive a trial by jury and be tried by the court without a
> jury. Such waiver by a defendant, shall be in writing, signed by the
> defendant, and filed in said cause and made a part of the record
> thereof. It shall be entitled in the court and cause, and in substance as
> follows: "I _____, defendant in the above cause, hereby
> voluntarily waive and relinquish my right to a trial by jury, and elect to

6

be tried by a Judge of the Court in which the said cause may be pending. I fully understand that under the laws of this state, I have a constitutional right to a trial by jury."

Such waiver of trial by jury must be made in open court after the defendant has been arraigned and has had opportunity to consult with counsel. Such waiver may be withdrawn by the defendant at any time before the commencement of the trial.

{¶11} For a jury waiver to be valid, it must be: "(1) in writing, (2) signed by the defendant, (3) filed, (4) made part of the record, and (5) made in open court." *State v. Lomax*, 114 Ohio St.3d 350, 2007-Ohio-4277, 872 N.E.2d 279, ¶ 7. Trial courts must strictly comply with these five requirements. *See id.* at ¶ 41; *State v. Pless*, 74 Ohio St.3d 333, 658 N.E.2d 766 (1996), paragraph one of the syllabus (holding that the jury-waiver requirements in R.C. 2945.05 must be strictly observed).

{¶12} The Ohio Supreme Court has repeatedly held that strict compliance with R.C. 2945.05 is necessary for a valid jury waiver. *See, e.g., State ex rel. Larkins v. Baker*, 73 Ohio St.3d 658, 653 N.E.2d 701 (1995) (holding that the trial court had failed to strictly comply with R.C. 2945.05, since there was no evidence that Larkins's written waiver form had ever been formally filed and made a part of the record in the criminal case); *State ex rel. Jackson v. Dallman*, 70 Ohio St.3d 261, 638 N.E.2d 563 (1994) (stating that "[t]here must be strict compliance with R.C. 2945.05 for there to be a waiver of a right to a jury trial; where the record does not reflect strict compliance, the trial court is without jurisdiction to try the defendant without a jury"); *Pless* at 337 (finding that the requirements of R.C. 2945.05 are clear and

unambiguous, and the statute "requires that in order to effectuate a valid waiver of the right to trial by jury, the defendant in a criminal action must sign a written waiver * * * .").

{¶13} Moreover, a valid jury waiver must be in writing. *See State v. Tate*, 59 Ohio St.2d 50, 52-54, 391 N.E.2d 738 (1979) ("[w]here a defendant in a petty offense case has a right to trial by jury and pleads not guilty and demands a jury trial in the manner provided by Crim.R. 23(A), it must appear of record that such defendant waived this right in writing in the manner provided by R.C. 2945.05, in order for the trial court to have jurisdiction to try the defendant without a jury"); *State v. Anderson*, 12th Dist. Fayette No. CA91-02-003, 1992 WL 12614, *2 (Jan. 27, 1992) (concluding that despite the defendant's oral jury waiver, the "trial court has no jurisdiction to hear opening statements or the first witness in a criminal case until a written waiver has been executed by the defendant"). In the absence of strict compliance, a trial court lacks jurisdiction to try the defendant without a jury. *Pless* at paragraph one of the syllabus, citing *State v. Tate*, 59 Ohio St.2d 50, 391 N.E.2d 738 (1979).

{¶14} After reviewing the record, we find that the jury-waiver requirements were not satisfied in this case. Sweeting did not read, sign, or submit a written jury waiver to the court. Strict compliance with R.C. 2945.05 requires a written waiver signed by the defendant. *See Tate* at 52-54; *Anderson* at *2. While we understand the difficult situation faced by the trial court and appreciate the patience exhibited by the court, we conclude that in the absence of a written jury waiver signed by the defendant, the trial court lacked jurisdiction to try Sweeting without a jury. *See Pless* at paragraph one of the syllabus.

{¶15} The state contends, without citing to any legal authority, that the written waiver that the judge read to Sweeting, signed, and filed coupled with Sweeting's oral request for a bench trial satisfies the mandates of R.C. 2945.05. In effect, the state is arguing that, under these circumstances, Sweeting implicitly waived his jury-trial right.

{¶16} First, we note that the content of a written jury waiver need only substantially comply with the language set forth in R.C. 2945.05. *See State v. Woodbridge*, 9th Dist. Summit No. 26911, 2014-Ohio-1338, ¶ 6; *State v. Bell*, 2017-Ohio-7512, 96 N.E.3d 1219, ¶ 10 (2d Dist.). The purpose of the written waiver is to ensure that the defendant's waiver is intelligent, knowing, and voluntary. *See State v. Brown*, 6th Dist. Wood No. WD-09-058, 2010-Ohio-1698, ¶ 91. "A defendant must have some knowledge of the nature of the jury trial right to make a valid waiver." *See State v. Bays*, 87 Ohio St.3d 15, 20, 716 N.E.2d 1126 (1999).

{¶17} Although the trial court started to read the jury waiver to Sweeting in open court, the judge did not read the waiver in its entirety. The judge read to him the following: "I Deionandrea Sweeting, the defendant in the above cause, hereby voluntarily waive my right to a trial by jury. I fully understand - -." The judge omitted two critical pieces of information: (1) that he was "elect[ing] to be tried by a Judge of the Court"; and (2) that he fully understood "that under the laws of this state, [he has] a constitutional right to a trial by jury." *See* R.C. 2945.05.

{¶18} Even if we could construe the reading of a written waiver to substitute for a written waiver signed by the defendant as required by R.C. 2945.05, the substance of the waiver read to Sweeting contained no language to communicate that Sweeting had a constitutional right to a jury trial and that he was electing to be tried

by a judge. As the court acknowledged, the written waiver was not read to Sweeting in its entirety, and Sweeting did not personally read or review the written waiver form. Accordingly, the substance of the communicated waiver did not comply with R.C. 2945.05. *See Woodbridge* at ¶ 7 (holding a jury waiver was invalid because there was nothing in the written waiver indicating that the defendant understood that he had a constitutional right to a jury trial).

{¶19} Furthermore, the Ohio Supreme Court has considered and rejected the proposition that an implicit waiver can substitute for a written waiver signed by the defendant. *See Tate*, 59 Ohio St.2d at 52-54, 391 N.E.2d 738. In *Tate*, a written demand for a jury trial was filed by Tate's counsel, but his case was tried to the bench. Affidavits to the court of appeals indicated that Tate's counsel had orally waived Tate's right to a jury trial. The Ohio Supreme Court noted that:

> Affidavits were presented to the Court of Appeals indicating that attorney Gaines orally waived appellant's right to a jury trial during a discussion with the judge. The Court of Appeals found that these affidavits 'do not meet the definition of the record on appeal as set out in App.R. 9, and accordingly cannot be considered.' While we concur in this ruling, it should become apparent that the presence of these affidavits would change neither the reasoning of this opinion, nor our final judgment.

*Tate* at fn. 1.

That footnote confirms that the Ohio Supreme Court recognizes that a written jury waiver, signed by the defendant, is mandatory for a valid waiver. *See id.*

10

{¶20} Moreover, the state's argument fails because there is nothing in this record to indicate that Sweeting had the requisite knowledge and understanding of the nature of the jury-trial right to orally waive it. *See Bays*, 87 Ohio St.3d at 19-20, 716 N.E.2d 1126. The colloquy between the trial court and Sweeting did not establish that Sweeting knowingly and intelligently waived his right to a jury trial.

{¶21} Initially when informed a jury was waiting, Sweeting did not understand that the jury was summoned because he had a constitutional right to a jury. Instead, he believed that the judge had ordered a jury because the judge was "trying to blame the jury." When the court mentioned the jury-waiver form, Sweeting repeatedly told the judge that he would not be bound in a contract with the judge and further explained his belief that the judge was attempting to get him to "settle the matter." Based on Sweeting's comments and responses, we cannot conclude that he understood or knew that he had a constitutional right to a jury trial that he could waive by signing the jury-waiver form.

{¶22} The dissent determines that strict compliance was achieved by the signature of the trial court on the jury waiver primarily due to Sweeting's refusal to sign the jury waiver. Based on a careful review of the record and colloquy, we cannot conclude that Sweeting refused to sign the jury waiver. The record does not reflect that Sweeting was given the jury waiver, was asked to read the jury waiver, was informed that he was required to sign the jury waiver if he wanted a bench trial, or was asked to sign the jury waiver.

{¶23} Had Sweeting been informed that his signature on the jury waiver was required in order to have a bench trial, he would have either signed the waiver or refused. His signature would have provided the trial court with the jurisdiction to

11

conduct a bench trial. His refusal to sign would have resulted in an impartial jury trial as guaranteed by the state and federal constitutions. By reaffirming strict compliance with R.C. 2945.05, we continue to protect the constitutional rights of all defendants. The effect of a local rule[1] is not a factor we consider in determining whether the jury-waiver requirements in R.C. 2945.05 were strictly observed.

### Conclusion

{¶24} For the foregoing reasons, we conclude that Sweeting did not waive his right to a jury trial as prescribed by R.C. 2945.05 and Crim.R. 23(A), and consequently, the trial court did not have jurisdiction to conduct a bench trial. Accordingly, we sustain the assignment of error, reverse the judgment of the trial court and remand the cause for further proceedings consistent with this opinion and the law.

Judgment reversed and cause remanded.

CROUSE, J., concurs.
MYERS, J., dissents.

MYERS, J., dissenting.

{¶25} Courts must scrupulously honor a defendant's rights and must diligently follow the law. Because I find the trial court did exactly that in this case, I must dissent. When a defendant not only knowingly, intelligently, and voluntarily waives his right to a jury trial, but also demands a bench trial in no uncertain terms, but then refuses to sign the written jury waiver, I would hold that there has been strict compliance with R.C. 2945.05 when the waiver is signed by the trial judge on the defendant's behalf. This is particularly true when the defendant has tried every

---

[1] Loc.R. 7(F) of the Court of Common Pleas of Hamilton County, General Division states, in relevant part, "When a new trial is ordered, for any reason, either by the judge who originally tried the case or by a reviewing court, the case, for purposes of such new trial, shall be reassigned by lot in accordance with the system authorized by Paragraph B hereof."

means possible to get the trial judge removed from his case and has been denied in his efforts by the Supreme Court of Ohio. By refusing to sign the jury waiver when he demanded a bench trial and insisted that he did not want a jury trial, Sweeting has accomplished through the majority just what he was denied by the Supreme Court, having a trial by a judge other than the assigned trial judge. *See* Loc.R. 7(F) of the Court of Common Pleas of Hamilton County, General Division.[2]

{¶26} I recognize and agree with the majority that R.C. 2945.05 requires strict compliance. And I agree that one of the requirements is that the written waiver be signed by the defendant. But if a defendant refuses to sign, he himself has made his signature an impossibility. Surely we are not suggesting that the trial court should have forcibly required him to sign. Nor could we be suggesting that the court should have required him to sign under threat or duress. Then what option did the trial court have? I suppose the court could have brought the jury into the courtroom and begun a jury trial. But when a defendant is adamantly declaring over and over in open court that he does not want a jury trial and explicitly demands a bench trial, how could this be the correct option for the trial court? I suggest it is not. And I suggest that under the unique facts of this case, the statute has been strictly complied with.

{¶27} The majority sets forth the colloquoy between the court and Sweeting that took place on the day of trial. But this was not the only time Sweeting made his wishes known to the trial court. As early as December 18, 2017, the day that Sweeting's second counsel was appointed to represent him, Sweeting asked that counsel be removed because counsel had not yet filed an affidavit of bias and prejudice with the Supreme Court of Ohio to remove the trial judge. The court

---

[2] Should there be any doubt of Sweeting's intentions, one only has to see his own words: "Why don't you just recuse yourself? What's so hard about that?" The court replied, "Because I try to do the right thing."

overruled Sweeting's oral motion to remove counsel and told counsel to file whatever he needed to file. Then, Sweeting told the judge that he wanted a trial. A trial date of January 11, 2018, was selected, and the court made sure Sweeting heard what the date was.

{¶28} On January 11, 2018, the trial did not occur because Sweeting's affidavit of disqualification was pending before the Supreme Court of Ohio. The trial court continued the matter on its own motion as it awaited the Supreme Court's decision.

{¶29} On January 24, 2018, the Supreme Court denied Sweeting's affidavit of disqualification.

{¶30} Then, on February 1, 2018, after the trial court noted that the Supreme Court had denied Sweeting's request to remove him, the court informed the parties that it wanted to select a trial date. Sweeting again requested the removal of appointed counsel and indicated that he wanted to represent himself. The trial court permitted counsel to withdraw and appointed standby counsel for Sweeting. Of note is that Sweeting himself signed the continuance entry, which clearly stated that the case was continued at Sweeting's request and set for jury trial on March 7, 2018. In fact, he signed it twice—once on the line for his own signature and once on the line for defense counsel.

{¶31} Sweeting was back in court on February 15, 2018, for a hearing on his pro se motion to dismiss. He confirmed that he still wanted to represent himself. Sweeting was not prepared to argue the motion, so the court continued the hearing until February 21. The court reminded Sweeting of the March 7 trial date.

{¶32} On February 22, Sweeting appeared and confirmed he had the entry setting trial for March 7, which he earlier signed. He again attempted to get the trial judge removed from the case. Sweeting refused to proceed on his motion to dismiss. He also claimed he was filing criminal charges and a writ of mandamus against the

trial judge. The judge refused to recuse himself and reiterated that the trial would proceed on March 7. Then the following exchange occurred:

> MR. SWEETING: I object to that. I am not coming.
>
> THE COURT: Make it clear to you, thought I made it clear, I am making it very clear to you, Mr. Sweeting. We will be going to trial on March 7. If you come in unprepared, that's on you.

{¶33} The court then re-emphasized why Sweeting should reconsider representing himself and reminded him of the dangers of doing so. The court then stated, "This trial will proceed on March 7. Be prepared to go to trial." Sweeting responded, "Okay. Hopefully not with you. Thank you."

{¶34} Then on the day of trial, Sweeting and the court engaged in the interaction about the jury as quoted by the majority, adamantly stating that he did not want a trial by jury and demanding a bench trial. There is no question that Sweeting understood that he had a right to a jury trial. He signed the entry setting the case for jury trial; he knew the jury was in the hall; and the court continually had informed him that the case would be tried to a jury. This is not a case of implicit waiver. Sweeting was explicit.

{¶35} As the majority correctly points out, five things are necessary for a valid jury waiver. It must be "(1) in writing, (2) signed by the defendant, (3) filed, (4) made part of the record, and (5) made in open court." *Lomax*, 114 Ohio St.3d 350, 2007-Ohio-4277, 872 N.E.3d 279, at ¶ 9. Here, the waiver was in writing, filed, made part of the record, and was made in open court. And it was signed. The only question is whether the signature of the judge suffices under the unique facts of this case.

{¶36} I would find that a defendant cannot demand a trial without a jury, request a bench trial, refuse to sign the jury waiver, and then declare the waiver invalid because he refused to sign. His own actions in refusing to sign the jury

15

waiver made strict compliance impossible. In this limited case, I would find that the judge's signature was sufficient for strict compliance.

{¶37} Finally, I disagree with the majority's conclusion that Sweeting did not knowingly, intelligently, and voluntarily waive his right to a jury. The record is clear that Sweeting understood that he had a right to a jury trial. He even asked for one earlier in the case. I disagree with the majority's conclusion that Sweeting did not understand that he had a right to a jury. The statement of Sweeting relied on by the majority is as follows:

> MR. SWEETING: I am not having no jury. I object to this. I am not having no jury because you are trying to blame it on the jury. You are not going to blame it on the jury. I want a bench trial.
>
> THE COURT: Let's back it up, then. You want a bench trial; is that correct?
>
> MR. SWEETING: You not binding me in no contract, no contract with you.

{¶38} But the exchange immediately prior clarifies Sweeting's meaning. Apparently recognizing that his failure-to-register charge involved a legal issue more than a factual issue, Sweeting stated that he wanted a bench trial because "[j]uries don't know nothing about law. They can be persuaded." He was not confused at all about his right to a jury trial and why he wanted a bench trial. And his waiver was voluntary. In fact, he refused to have his case tried before a jury. Whether it was a delay tactic or an attempt to have another judge hear the case is irrelevant.

{¶39} In conclusion, I would find that Sweeting, who insisted that his case not be tried to a jury, demanded a bench trial, and then refused to sign a jury waiver, rendered the requirement that he personally sign the waiver an impossibility, and that under these limited circumstances, signature by the judge on his behalf on the

16

jury waiver constituted strict compliance.  Sweeting's constitutional right to a jury trial was protected and waived by him.  I would affirm.


**Please note:**

The court has recorded its own entry this date.