[Cite as *Lorain v. Rubenstein*, 2019-Ohio-3417.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

CITY OF LORAIN, OHIO

    Appellee

    v.

ANITA RUBENSTEIN

    Appellant

C.A. No.    18CA011323

APPEAL FROM JUDGMENT
ENTERED IN THE
LORAIN MUNICIPAL COURT
COUNTY OF LORAIN, OHIO
CASE No.    2016CRB01260

DECISION AND JOURNAL ENTRY

Dated: August 26, 2019

CARR, Judge.

{¶1} Appellant, Anita Rubenstein, appeals the judgment of the Lorain Municipal Court. This Court reverses and remands.

I.

{¶2} This matter arises out of an incident that occurred at Lorain County Health and Dentistry on April 19, 2016. A customer service representative at the health center called 911 that day and reported that a disgruntled patient had slammed the glass window at the reception desk, causing the glass to shatter. The customer service representative identified Rubenstein as the individual who had shattered the glass.

{¶3} Rubenstein was charged with one count of criminal damaging or endangering in violation of R.C. 2909.06(A)(1), a misdemeanor of the second degree. A warrant on the complaint was executed more than a year later. Rubenstein entered a plea of not guilty to the charge. After receiving appointed counsel, Rubenstein successfully moved for new appointed

counsel. When that attorney subsequently withdrew, a third attorney was appointed to represent Rubenstein. Rubenstein filed a written motion to change her plea to not guilty by reason of insanity but that motion was ultimately withdrawn. On February 28, 2018, Rubenstein filed a written jury demand. Rubenstein ultimately elected to represent herself at trial with appointed counsel serving as standby counsel. The matter proceeded to a bench trial where Rubenstein was found guilty of the sole charge against her. The trial court ordered her to pay a $250 fine and court costs.

{¶4} On appeal, Rubenstein raises one assignment of error.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR WHEN IT HELD A BENCH TRIAL AFTER DEFENDANT HAD MADE A JURY DEMAND.

{¶5} In her assignment of error, Rubenstein contends that the trial court committed reversible error when it conducted a bench trial after she filed a written demand for a jury trial. This Court agrees.

{¶6} In support of her position that the trial court committed reversible error when it conducted a bench trial in this matter, Rubenstein emphasizes that she invoked her right to a jury trial and, further, that she then never filed a subsequent written waiver of her right to a jury trial under R.C. 2945.05. In response, the City contends that there was no harm in this case because the City and the trial judge agreed prior to the commencement of trial that, regardless of the outcome of trial, the trial court would not impose jail time or a significant fine.

{¶7} R.C. 2945.17 states as follows:

(A)     At any trial, in any court, for the violation of any statute of this state, or of any ordinance of any municipal corporation, except as provided in

divisions (B) and (C) of this section, the accused has the right to be tried by a jury.

(B)     The right to be tried by a jury that is granted under division (A) of this section does not apply to a violation of a statute or ordinance that is any of the following:

(1)     A violation that is a minor misdemeanor;

(2)     A violation for which the potential penalty does not include the possibility of a prison term or jail term and for which the possible fine does not exceed one thousand dollars.

{¶8}     "In petty offense cases, where there is a right of jury trial, the defendant shall be tried by the court unless he demands a jury trial. Such demand must be in writing and filed with the clerk of court not less than ten days prior to the date set for trial[.]" Crim.R. 23(A); *see also North Ridgeville v. Ward*, 9th Dist. Lorain Nos. 91CA005262, 91CA005263, 1992 WL 217980, *2 (Sept. 2, 1992) ("In petty offense cases where such a right exists, * * * the defendant must make a written demand for a jury trial.").

{¶9}     R.C. 2945.05 provides that in all criminal cases pending in courts of record in Ohio, a defendant may waive their right to a jury trial. R.C. 2945.05 sets forth a number of requirements for a written jury waiver, including that the waiver "shall be in writing, signed by the defendant, and filed in said cause and made a part of the record thereof." R.C. 2945.05. "Absent strict compliance with the requirements of R.C. 2945.05, a trial court lacks jurisdiction to try the defendant without a jury." *State v. Riggins*, 9th Dist. Summit No. 28080, 2017-Ohio-80, ¶ 7, quoting *State v. Pless*, 74 Ohio St.3d 333 (1996), paragraph one of the syllabus. This Court has recognized that it is plain error for a trial court to conduct a bench trial when the defendant has not made a valid jury trial waiver. *State v. Woodbridge*, 9th Dist. Summit No. 26911, 2014-Ohio-1338, ¶ 8.

**{¶10}** We are compelled to sustain Rubenstein's assignment of error. Rubenstein was charged with, and ultimately convicted of, a second-degree misdemeanor, meaning she faced a possible jail term of up to 90 days. *See* R.C. 2929.24(A)(2). Rubenstein filed a demand for a jury trial pursuant to Crim.R. 23(A). At no point thereafter did she file a written jury waiver. Irrespective of whether the trial court made assurances regarding a potential penalty during pretrial proceedings, the issue of whether a defendant has a right to a jury trial is determined by the potential penalty as defined by the relevant statutes. *State v. Fisher*, 11th Dist. Geauga No. 2001-G-2359, 2002-Ohio-3959, ¶ 11 ("The placement of a ceiling on the potential penalty by means of judicial fiat * * * has no bearing on whether appellant is entitled to a jury trial."). Under the circumstances of this case, where Rubenstein had never filed a written jury waiver, the trial court committed plain error when it conducted a bench trial.

**{¶11}** Rubenstein's assignment of error is sustained.

### III.

**{¶12}** Rubenstein's assignment of error is sustained. The judgment of the Lorain Municipal Court is reversed and the cause remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Lorain Municipal Court, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

DONNA J. CARR
FOR THE COURT

TEODOSIO, P. J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

DENISE E. FERGUSON, Attorney at Law, for Appellant.

ROCKY RADEFF and JEFFREY SZABO, Prosecuting Attorneys, for Appellee.