[Cite as *State v. Grissom*, 2023-Ohio-2038.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | | |
|---|---|---|
| STATE OF OHIO | | C.A. No.     30434 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| JOSHUA C. GRISSOM | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No.     CR 21 12 4464 |

DECISION AND JOURNAL ENTRY

Dated: June 21, 2023

STEVENSON, Judge.

**{¶1}** Appellant Joshua Grissom ("Grissom") appeals from the judgment of the Summit County Court of Common Pleas. We reverse and remand.

I.

**{¶2}** On December 16, 2021, Grissom was indicted by the Summit County Grand Jury on one count of aggravated robbery, a felony of the first degree, in violation of R.C. 2911.01(A)(1). In its June 28, 2022, journal entry, the trial court stated that Grissom appeared with his counsel, and "in open Court and in writing, voluntarily waived the right to a trial by jury and elected to be tried by the Court pursuant to Section 2945.05." The trial court then set a bench trial for July 18, 2022.

**{¶3}** Following the trial, the court found Grissom guilty of aggravated robbery. He was sentenced to an indefinite term of not less than three years, and a maximum of four and a half years, to be served concurrently to the sentence imposed in Case No. CR-2021-09-3259. He was

given credit for jail-time served. The State concedes that the docket does not contain a time-stamped written jury trial waiver signed by Grissom.

**{¶4}** Grissom timely appealed and asserts a single assignment of error for our review.

II.

## ASSIGNMENT OF ERROR I

**THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR AND WAS WITHOUT JURISDICTION TO CONDUCT A BENCH TRIAL BECAUSE THE REQUIREMENTS OF R.C. 2945.05 WERE NOT STRICTLY FOLLOWED**.

**{¶5}** Grissom argues that the trial court committed reversible and plain error because it conducted a bench trial without a valid jury trial waiver. Grissom argues that to properly waive his constitutional right to a jury trial, the procedure for a written waiver under R.C. 2945.05 must have been strictly followed, but in his case, it was not. We agree.

**{¶6}** To be valid, a jury waiver under R.C. 2945.05 must meet five conditions: "It must be (1) in writing, (2) signed by the defendant, (3) filed, (4) made part of the record, and (5) made in open court." *State v. Lomax,* 114 Ohio St.3d 350, 2007-Ohio-4277*, ¶* 9.

**{¶7}** "Absent strict compliance with the requirements of R.C. 2945.05, a trial court lacks jurisdiction to try the defendant without a jury." *State v. Pless,* 74 Ohio St.3d 333 (1996), paragraph one of the syllabus. "This Court has recognized that it is plain error for a trial court to conduct a bench trial when the defendant has not made a valid jury trial waiver." *City of Lorain v. Rubenstein*, 9th Dist. Lorain No. 18CA011323, 2019-Ohio-3417, ¶ 9*, citing *State v. Woodbridge*, 9th Dist. Summit No. 26911, 2014-Ohio-1338, ¶ 8. We review a challenge to the trial court's jurisdiction de novo. *Eisel v. Austin,* 9th Dist. Lorain No. 09CA009653, 2010–Ohio–3458, *¶* 9.

**{¶8}** "Under the plain language of Section 2945.05, the entirety of a defendant's jury-trial waiver must be in writing." *Woodbridge* at ¶ 8. A written jury waiver creates a rebuttable

presumption that the waiver was knowing, intelligent, and voluntary. *Id.* at ¶ 10. The Supreme Court of Ohio stated in *State v. Tate*, 59 Ohio St.2d 50 (1979) that "it must appear of record" that a defendant waived his right to a jury trial "in writing in the manner provided by R.C. 2945.05." *Id.* at syllabus. In *State v. Lugo*, 9th Dist. Lorain No. 10CA009796, 2011-Ohio-514, we concluded that where the record shows that a signed jury trial waiver was not made part of the record as required by R.C. 2945.05, the defendant's conviction had to be vacated and the case remanded for a new trial. *Id*. at ¶ 8-10.

{¶9} Similarly, under the circumstances of this case where the record is devoid of a written jury trial waiver, the trial court was without jurisdiction and committed plain error when it conducted a bench trial. The proper remedy is to vacate Grissom's conviction and remand this case for a new trial. *Lugo* at ¶ 10. On remand, Grissom has the right to a jury trial unless he waives that right and the trial court strictly complies with R.C. 2945.05. *Rubenstein* at ¶ 10.

### III.

{¶10} Wherefore, based on the foregoing, Grissom's single assignment of error is sustained. Grissom's conviction and sentence are vacated, and this matter is remanded to the Summit County Court of Common Pleas for further proceedings consistent with this opinion.

Judgment reversed and remanded.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

SCOT STEVENSON
FOR THE COURT

SUTTON, P. J.
FLAGG LANZINGER, J.
CONCUR.

APPEARANCES:

NEIL P. AGARWAL, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant Prosecuting Attorney, for Appellee.